### Chicago & Alton Railway Company v. Andrew Landroth.

1. ASSUMED RISK—*what does not prevent operation of doctrine of.* Where a servant is familiar with the work to be performed and the method of performing it, and he is given a general order to perform such work, the method of performing the same being left to his own discretion, and in doing the work he is injured by reason of the negligent and careless manner in which he does the work, the master cannot be held liable and the doctrine of assumed risk applies.

Action on the case for personal injuries. Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1905. Reversed, with finding of facts. Opinion filed February 1, 1906.

THOMAS F. FERNS, for appellant; WINSTON, PAYNE & STRAWN, of counsel.

MARK MEYERSTEIN, JR., and D. J. SULLIVAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for personal injuries alleged to

have resulted through the negligence of appellant. There was a verdict and judgment against appellant in the court below for $2,500.

The uncontroverted facts in the case, briefly stated, are substantially as follows: Appellee at the time of his injury was twenty-nine years of age and had been in the employ of appellant about fourteen months as an engine wiper at its round-house in Roodhouse. Appellee was also required, in the regular line of his duties, to assist in getting engines into the round-house to be repaired and cleaned, and to do general work in and about the round-house. The round-house is so constructed that it forms two-thirds of a circle with the turntable as a center, from which turntable several tracks diverge and enter the round-house through doorways having two doors, each eight feet wide, fastened with hinges to upright timbers set in the brick walls. Over each of the doorways is a brick arch forming a half circle, each end of the arch resting on the timbers to which the doors are hinged. The doors open outward, and when open are ordinarily fastened so as to permit engines to pass through. On February 15, 1903, at about three o'clock in the afternoon, appellee, Christopher Cain and D. H. Cooper had operated the turntable so as to permit engine No. 88 in charge of Arthur Strunk, as hostler, to enter the round-house on the second track from the west. The doors at the entrance to the round-house were then opened, but one of them was not fastened. Appellee then went into the round-house to spot the engine and the hostler proceeded to drive the engine in. As the engine was passing through the doorway, the open door which was not fastened was blown against it, and by the resulting impact the door was broken, and the upright timber, to which it was hinged and which supported one end of the brick arch, was knocked out, causing the bricks forming the arch to fall upon the engine and ground beneath. Appellee, with others, undertook the work of removing the fallen bricks from the engine and ground, and while appellee was so engaged on the ground, between the engine and the wall of the round-

house, and immediately beneath the broken arch, he was struck by other bricks falling therefrom and injured.

Appellee testified that he went to the place he was injured at the direction of the foreman, Thomas Reed, who said to him, "Get down and help the boys throw the bricks out, this engine is ordered to go out right away;" that in obedience to such direction he went to the place where the bricks had fallen and there found Strunk, the hostler, on the outside of the round-house, and Cooper, a fellow-workman, on the inside of the round-house, throwing out bricks; that there was no place for him to work, except between the two men named, and directly under the overhanging broken arch. Thomas Reed, the foreman, denied having given any order or direction as testified to by appellee, and the clear weight of the evidence in the case supports such denial. Three witnesses, including Reed, testified that when the door was broken and the arch fell, they were from 100 to 125 feet distant, working on engine No. 41; that, attracted by the great noise of the impact, they all started in the direction of the broken door to ascertain the cause; that they proceeded to within twenty-five or thirty feet of engine No. 88, and there saw the broken door and fallen arch; that Reed remarked, "Another door down," and then all three immediately returned to their work on engine No. 41. Strunk and Cooper, who were removing the fallen brick, and who were in a favorable position to have heard a direction by Reed to appellee, if one was given, testified that they heard none. Strunk testified that when he saw appellee removing brick immediately beneath the broken arch, he said to appellee, calling him by his nickname, "Knuckey, stay out," and in this Strunk is corroborated by Cooper.

The probability of other bricks falling from the broken arch, and the consequent danger to any one passing or working thereunder, was open and obvious. Appellee, as a matter of fact, saw the conditions and knew and fully appreciated the danger.

A right of recovery in this case is predicated solely upon the alleged direction by the foreman, Reed, to appellee to

C. & A. Ry. Co. v. Landroth.

"get down and help the boys throw the bricks out," and it is insisted that this direction relieved appellee of his assumption of the risk, and that the only question involved is whether appellee was guilty of contributory negligence in undertaking to do the work, at the place and in the manner shown by the evidence.

Assuming that the direction was given as testified to by appellee it was merely a general direction to do work within appellee's regular line of employment; there was no specific direction to appellee to work in a particular place or in a particular manner; appellee was left free to exercise his own discretion, both as to the place and manner in which he should do the work; there was no peremptory direction by the master, a refusal or show of hesitancy on the part of the servant and an assurance of safety by the master. Strunk and Cooper, fellow-servants of appellee, were doing the same work in a safe place and in a safe manner, and it does not appear that appellee in doing the work was necessarily obliged to incur a greater risk.

The facts of this case bring it within the rule stated and approved in I. C. R. R. Co. v. Sporleder, 199 Ill. 184, that "where a servant is familiar with the work to be performed and the method of performing it, and he is given a general order to perform such work, the method of performing the same being left to his own discretion, and in doing the work he is injured by reason of the negligent and careless manner in which he does the work, the master cannot be held liable."

The judgment must be reversed with a finding of facts to be incorporated in the judgment of this court.

*Reversed, with finding of facts.*

Finding of facts: We find that appellant was not guilty of negligence contributory to the injury sustained by appellee; that appellee assumed the risk of the danger resulting in his injury; and that the injury to appellee was due to his failure to exercise ordinary care for his own safety.