## Eugene Alcorn, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

MASTER AND SERVANT—*when instruction not required.* The law does not require that a master shall inform or point out to a servant of ordinary intelligence, in the line of work in which he is engaged, defects or dangers which are apparent, open and visible and as easily discernible by the servant as by the master.

Action in case for personal injuries. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1909. Reversed. Opinion filed October 18, 1910.

CREIGHTON & GASAWAY, for appellant; CHESTER M. DAWES, of counsel.

HILL & BULLINGTON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee was employed by appellant as a section hand upon its railroad. Upon the day of the accident he was engaged in loading upon flat cars old and worn out rails, which had been taken from the track of appellant company. There were numerous section gangs employed by appellant upon its line of road. The rails in question and which were being picked up along the right of way of appellant were upon another section than that in which appellee was employed as a section hand, and it was while he was performing the duty of assisting other section men in loading rails upon the flat car that he received the injuries complained of.

The trial below resulted in a verdict and judgment for appellee for $500 and it is to reverse this judgment that this appeal is prosecuted.

The declaration consists of three counts, each count charging, in various allegations, in substance that appellee was ordered and directed to do this work by the

foreman in charge of the gang of section men; that appellee was not familiar with the manner or method of loading rails by hand; that no instructions were given him regarding the loading of the same; no information of the dangers connected therewith; and that he was directed to do this work upon specific order of the foreman and that the dangers were not equally ascertainable by him; and that the injury was not caused by one of the risks assumed by him in his employment.

The evidence in the case is undisputed that appellee was employed as a section foreman, that his duties consisted of surfacing the railroad track, laying rails, ties, loading rails, unloading rails, together with any work that might be required to be performed upon the track as labor as section man; that on the night before the accident, he was notified by his section foreman that he would be required to go upon another section on the following morning for the purpose of loading old rails, which had been taken from the track, upon a flat car. It was also disclosed without contradiction that this was a part of his duties as section man; he had performed work of this character before; that he was familiar with the fact that these rails, when old and worn out and taken from the track, were liable to have splinters or slivers thereon; and it was because of their old and worn condition that they were removed from the track; that the usual and customary method of loading these rails upon the flat cars, when done by hand, was for a number of section men to take hold of the rail by hand, grasping the ball of the rail, then by raising the rail to such height as would permit the throwing of the rail upon the car. For the purpose of having the entire gang act in unison, each step of the proceeding was directed by the foreman by command. First, they were directed to take hold of the rail, second, to raise it, raise it higher and when of sufficient height to throw it, and when all of the parties had hold of the rail by the ball and acted in unison, the

rail properly fell upon the car without injury to anybody.

At the time of the accident appellee, instead of taking hold of the ball of the rail with both hands, seized the rail by the ball with one hand and the other hand was clasped over and upon the fangs of the rail; he wore a pair of mittens and when the rail was directed to be thrown by the foreman, his hand was caught by a sliver in the rail, he was lifted from the ground and pulled over to the car, his hand catching between the rail thrown and those upon the car, mashing the fingers and breaking several bones of the hand. There was nothing to prevent appellee from seeing the condition of the rail which he was taking hold of and he had as great, if not a better, opportunity to know and see the condition of the rail than appellant. Other members of the gang saw that the rail was splintered and the order, which appellee contends was given him to do this work, was the general order given to all the men at work in lifting this rail and throwing it upon the car, and the evidence does not disclose that there was anything dangerous in the order or anything that created any greater risk by reason of the order; that it was necessary to give these directions in order to have the men act together in the work to be performed. It was in the regular line of employment of appellee and there were no hidden or latent defects but everything in connection therewith was open and visible to appellee. Appellee was in no manner misled by any act or order given him by the foreman and all of the dangers and risks incident to the work being performed were open and visible to appellee.

The law does not require that appellant shall inform or point out to a person of ordinary intelligence, in the line of work in which he is engaged, defects or dangers which are apparent, open and visible and as easily discernible by the employe as by the master. E. J. & E. Co. v. Myers, 226 Ill. 358; Illinois Steel Co. v. Mann,

170 Ill. 200; C. & A. Ry. Co. v. Landroth, 123 Ill. App. 656; Illinois Central R. R. Co. v. Sporeleder, 199 Ill. 184. He was a man of ordinary intelligence and under such condition it must be held that the injury to appellee was caused by one of the risks assumed by him in his employment. He had been working at this work for several hours, he had made no complaint of the manner in which it was done and no other manner was suggested or promised and the work was not done in any unusual or special way.

At the close of the evidence on the part of the appellee, the appellant offered an instruction and requested the court to direct a verdict of the jury for appellant; this the court refused to do. Motion was again renewed at the close of all the evidence and again refused by the court; the refusal to give this instruction was error and for this reason the judgment below must be reversed and from the conclusions reached herein, it is unnecessary to pass upon the other questions raised upon this record.

The injury complained of herein was not caused by reason of negligence of appellant and the risk of the injury received by appellee was incident to his employment and was assumed by him and the clerk will enter in the judgment in this court the finding that appellant was not guilty of negligence as complained of in the declaration and that appellee was injured by one of the ordinary risks of employment assumed by him. The judgment of the trial court is reversed with above finding of fact.

*Reversed.*